## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| PENNYMAC LOAN SERVICES, LLC, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:23-CV-1909-B-BK |
| | § | |
| HAROLD BEALL, JR., RICHARD BEALL, | § | |
| DENISE BEALL-JONES, AND MICHAEL | § | |
| BEALL, | § | |
| DEFENDANTS. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the district judge's *Standing Order of Reference*, Doc. 16, this case has been referred to the undersigned United States magistrate judge for pretrial management. Now before the Court is Defendant Harold Beall, Jr.'s "Answer," Doc. 15, which the Court liberally construes as a motion to dismiss. As detailed here, the motion should be **DENIED**.

## I. PROCEDURAL HISTORY

Plaintiff filed this diversity action in August 2023, seeking a declaratory judgment permitting foreclose on real property located at 2467 Mallory Ln Lancaster, TX 75134 ("the Property"). Doc. 1, *passim*. The Property was previously owned by Decedent Delores T. Beall and presumptively inherited by her children, the named Defendants. Doc. 1, *passim*. In due course, Defendant Harold Beall, Jr., proceeding *pro se*, filed a self-styled "Answer" to the Complaint, seeking dismissal of Plaintiff's claims. Doc. 15.

## II. ANALYSIS

Defendant's Answer states in its entirety "Your honor please dismiss this case because Pennymac is in violation of the Federal Reserve Act 15 & 16." Doc. 15. Plaintiff responds that the requested relief should be denied because those sections of the Federal Reserve Act ("the Act") are not applicable to the facts in this case. *See* Doc. 21, *passim*.

Because Defendant is proceeding *pro se*, the Court construes his Answer as a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Haines v. Kerner*, 404 U.S. 519, 520 (1974) (holding that pro se pleadings should be liberally construed). A plaintiff fails to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Here, Defendant's requested relief should be denied for essentially the reasons Plaintiff articulates.

In particular, Section 15 of the Act provides that federal banks serve as depositaries and fiscal agents for purposes of United States government deposits. *See* 12 U.S.C. § 391 ("Federal reserve banks as Government depositaries and fiscal agents."). Plaintiff, however, has asserted a claim for foreclosure of a residential mortgage loan. Plaintiff is not a federal bank, but instead is the mortgage servicer of the defaulted loan. As such, Plaintiff's reliance on Section 15 is misplaced. Similarly, Section 16 of the Act addresses the issuance of federal reserve notes to federal reserve banks. *See* 12 U.S.C. § 411 ("Issuance to reserve banks; nature of obligation; redemption."). Again, Plaintiff is a mortgage servicer, not a federal reserve bank, and the subject of this case is not a federal reserve note. Accordingly, Section 16 also has no application in this suit.

### III. CONCLUSION

For the foregoing reasons, it is recommended that Defendant Harold Beall, Jr.'s construed motion to dismiss, Doc. 15, be **DENIED**.

Defendant Harold Beall, Jr. is admonished that should the presiding district judge accept this recommendation, an answer to this lawsuit that meets the requirements of Federal Rule of Civil Procedure 8(b) must be filed within 14 days of the district judge's denial of Beall's construed motion to dismiss. *See* FED. R. CIV. P. 12(a)(4)(A).

**SO RECOMMENDED** on February 27, 2024.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).