IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PENNYMAC LOAN SERVICES, LLC, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:23-CV-1909-B-BK |
| | § | |
| HAROLD BEALL, JR., RICHARD | § | |
| BEALL, DENISE BEALL-JONES, | § | |
| AND MICHAEL BEALL, | § | |
|     DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the district judge's *Order of Reference*, Doc. 16, this case has been referred to the United States magistrate judge for pretrial management. Before the Court is *Plaintiff's Motion for Summary Judgment*. Doc. 27. For the reasons detailed here, the motion should be **GRANTED**.

## I. BACKGROUND

Plaintiff PennyMac Loan Services, LLC, seeks a declaratory judgment that it is entitled to foreclose on property owned, *inter alia*, by Defendants Harold Beall, Jr., and Richard Beall (collectively, "Defendants").[1] *See generally* Doc. 1.

Plaintiff alleges the following. On April 22, 2004, Countrywide Home Loans, Inc. ("Countrywide") loaned Delores T. Beall ("Decedent") $109,934.00 with an interest rate of 3.75% per annum (the "Loan Agreement"). Doc. 1 at 4. Decedent signed a note ("the Note")

---

[1] Pending before the Court is the *Findings Conclusions and Recommendation of the United States Magistrate Judge*, recommending that Plaintiff's motion for default judgment be granted as to remaining Defendants. Doc. 41.

pledging the real property and improvements located at 2467 Mallory Lane, Lancaster, Texas 75134 ("the Property")[2], as security for the loan. Doc. 1 at 4-5. Countrywide subsequently transferred the Loan Agreement and the Note to Bank of America, which then transferred the Loan Agreement and the Note to Plaintiff, rendering Plaintiff the current holder of both. Doc. 1 at 5.

In May 2021, Decedent died. Doc. 1 at 1. Plaintiff alleges that, upon information and belief, no probate is open, resulting in the Property, encumbered by the Note, passing on to Decedent's four children—Harold Beall, Jr., Richard Beall, Denise Beall-Jones, and Michael Beall (collectively, the "Heirs"). Doc. 1 at 2, 5. No loan payments were made between January and May 2023, resulting in default on the Note. Doc. 1 at 6. On August 25, 2023, Plaintiff filed the instant lawsuit. Doc. 1 at 2. On September 19, 2023, Defendant Richard Beall filed a three-sentence, *pro se* answer, seemingly not contesting foreclosure. Doc. 9. On October 4, 2023, Defendant Harold Beall, Jr., filed a one-line, *pro se* pleading titled "Answer," requesting dismissal of this case, Doc. 15, but has not otherwise filed a responsive pleading.[3]

On March 14, 2024, Plaintiff filed the instant motion for summary judgment seeking a declaratory judgment to the effect that: (1) Plaintiff is the current holder of the defaulted Loan Agreement and the Security Note; (2) as the successive mortgagee, Plaintiff may perform the

---

[2] The legal description of the Property being:

> BEING LOT 2, BLOCK D OF AMES MEADOW ADDITION, PHASE 1, AN ADDITION TO THE CITY OF LANCASTER, DALLAS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAY THEREOF RECORDED IN VOLUME 2001020, PAGE 1274, MAP RECORDS, DALLAS COUNTY, TEXAS.

[3] On March 26, 2024, the Court denied the Harold Beall, Jr.'s construed motion to dismiss. *See* Doc. 23; Doc. 30.

foreclosure; and (3) Decedent's interest in the Property vested immediately in the Heirs upon Decedent's death. Doc. 28 at 9-14.

Subsequently, at Plaintiff's request, this action was abated from May 1, 2024, through July 10, 2024. Doc. 32; Doc. 37. After that period, Defendants failed to timely respond to the motion *sub judice*, so the Court *sua sponte* ordered them to respond by August 16, 2024, if opposed to the relief sought. Doc. 38. To date, however, Defendants have not filed a response to the motion for summary judgment.

## II. APPLICABLE LAW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A party moving for summary judgment has the initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323 (citation omitted).

If the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* (citation omitted). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19

F.3d 1527, 1533 (5th Cir. 1994). Indeed, the party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas v. Tennessee Gas Pipeline Co*., 136 F.3d 455, 458 (5th Cir. 1998).

The Court "must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment, but a party opposing summary judgment may not rest on mere conclusory allegations or denials in its pleadings." *Smith v. Reg'l Transit Auth*., 827 F.3d 412, 417 (5th Cir. 2016) (cleaned up) (quoting *Hightower v. Tex. Hosp. Ass'n*, 65 F.3d 443, 447 (5th Cir. 1995)). If, however, the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

Nonmovant's "failure to respond does not permit this Court to enter a 'default' summary judgment . . . ." *Boyd v. Fam. Dollar Stores of Texas, LLC*, No. 3:22-cv-1368, 2023 WL 4141052, at *1 (N.D. Tex. June 22, 2023) (Fitzwater, J.). However, a "summary judgment nonmovant who does not respond to the motion is relegated to her [or his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs*., 929 F.2d 160, 165 (5th Cir. 1991)). Finally, the Federal Rules of Civil Procedure provide:

> [i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

FED. R. CIV. P. 56(e)(2)-(3).

### III. ANALYSIS

As noted, Defendants have not responded to Plaintiff's summary judgment motion, despite the Court's *sua sponte* order directing such a response if the Defendants opposed Plaintiff's motion. Doc. 38. As such, the Court considers Plaintiff's assertions of fact in the instant case as undisputed, and, upon review, find that those factual assertions clearly establish that Plaintiff is entitled to summary judgment.

"[T]he Texas Property Code governs non-judicial foreclosure sales." *Svodoba v. Bank of Am. N.A.*, 964 F. Supp. 2d 659, 670 (W.D. Tex. 2014) (citing *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254-56 (5th Cir. 2013)). To foreclose under a security instrument in Texas with a power of sale, the lender must demonstrate: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) the debtor is in default under the note and security instrument; and (4) the debtor received notice of default and acceleration. *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd*, 583 F. App'x 306 (5th Cir. 2014) (mem. op.). Art. 16, § 50(a)(6) requires a valid lien on a homestead to be: (1) voluntary; (2) in writing; and (3) with the consent of each owner and each owner's spouse.

Here, Plaintiff alleges that Defendants have a debt in the form of loan repayment obligations. Doc. 1 at 4-6. Plaintiff also has introduced competent summary judgment evidence demonstrating that: (1) it is the current holder of the Loan Agreement and Security Note (Doc. 29-1 at 2-4, 7-33)[4]; (2) the Heirs, including Defendants, acquired the debt attached to this

---

[4] Plaintiff separately asks that it be recognized as the party capable of enforcing foreclosure. Doc. 28 at 13-14. Because the Court finds that Plaintiff is the current holder of the Loan Agreement and Security Note on real property, Plaintiff is entitled to enforce the Note through foreclosure. *See* TEX. PROP. CODE. § 21.0001(3)-(4) (defining mortgagee to include the latest

Agreement and Note upon the passing of Decedent (an undisputed fact)[5]; and (3) Defendants are in default (Doc. 29-1 at 4-5, 34-117).

Further, the Loan Agreement was secured by a lien consistent with Art. 16, § 50(a)(6). Plaintiff has submitted competent summary judgment evidence to this effect in the form of the written Loan Agreement and Security Note, both signed by Decedent, who was the owner of the Property at the time. Doc. 29-1 at 7-27. There is no evidence suggesting the signature was involuntary or that Decedent had a spouse at the time, so the Court can reasonably infer that Decedent's signature was voluntary, in writing, and done with the permission of all owners of the Property at that time.

Additionally, as shown above, under the terms of the Loan Agreement and Security Note, Decedent's heirs, including Defendants, are in default on the loan. Doc. 29-1 at 4-5, 34-117. And Fourth, Plaintiff has attached a written copy of a Notice of Acceleration and of Loan Maturity that it served on the original Property owner, Decedent, and her estate. Doc. 29-1 at 34-43.

Based on the foregoing, the Court concludes that Plaintiff is entitled to the relief sought, to-wit: authority to conduct a non-judicial foreclosure on the Property.

---

holder of the security note); TEX. PROP. CODE § 51.0075 (establishing a mortgagee "may" appoint a mortgage servicer or trustee but not requiring it).

[5] Plaintiff separately requests a declaration that all heirs, including Defendants, acquired Plaintiff's estate and accompanying debt immediately upon her death. Doc. 28 at 14-15. Plaintiff's factual statement is undisputed, and Plaintiff is legally correct that the property and debt vested in Decedent's estate "immediately" upon her death. TEX. PROP. CODE § 101.001(b); *see also* TEX. PROP. CODE § 101.051(b) (debts accompany estates upon the party's death).

## IV. CONCLUSION

For the foregoing reasons, *Plaintiff's Motion for Summary Judgment*, Doc. 27, should be **GRANTED**, and judgment entered in favor of Plaintiff.

**SO RECOMMENDED** on December 17, 2024.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).